In the matter of Chattin.

IN THE MATTER OF ADAM S. CHATTIN.

1. A commission of lunacy may issue where the alleged lunatic is an infant.

2. The issuing of a commission of lunacy rests in discretion.

*Carman,* for petitioner.

THE CHANCELLOR. The only question in this case is, whether a commission of lunacy ought to issue, the alleged lunatic being a minor.

Infancy is no bar to the issuing of a commission. But where a guardian has been appointed for the infant, his con-

trol over the person and estate of his ward ought not to be interfered with, on the ground that the ward labors under a double disability, except in cases of clear necessity. Even where the lunatic is of full age and the lunacy manifest, the issuing of the commission is not a matter of course, but rests in discretion. It will be issued only where it is required for the interest of the lunatic, or to protect the rights of others. *Ex parte Tomlinson*, 1 *Ves. & B.* 58; *Rebecca Owings' case*, 1 *Bland's Ch. R.* 290; *Stock on Non Comp.* 95.

In the case of *Halse*, an infant cited in *Ex parte Southcot*, 2 *Ves. sen.* 403, a commission was ordered by Lord Hardwicke, on the application of a party who was entitled to the reversion of an estate after the death of the alleged lunatic, although at the time, the infant was under guardianship.

In *Sherwood* v. *Sanderson*, 19 *Vesey* 289, Lord Eldon, referring to a case within his recollection, said: "That if a lady at the age of seventeen or eighteen had been married by an adventurer for the sake of her fortune, it would be competent for the Chancellor to direct an inquiry whether she was of sound mind when married, and whether it would be for her benefit that a commission of lunacy should issue." And see 2 *Collinson on Lun.* 217.

The authority of guardians over the persons and estates of infants, and the power which this court exercises over the persons and estates of its wards, generally renders the issuing of a commission of lunacy unnecessary during infancy; but if any circumstance renders it necessary or expedient, a commission will issue. *In re Flint*, cited *Shelford on Lun.* 91; *Macpherson on Infants*, 560; *Stock on Non Comp.* 94.

In this case, the infant, though entitled to property, has no guardian. Being over the age of fourteen, he cannot apply for the appointment of a guardian, as prescribed by the statute. His property requires to be protected. The issuing of the commission, therefore, is necessary and proper.